**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| LAVIE CARE CENTERS, LLC, *et al.*, [1] | Case No. 24-55507 (PMB) |
| Debtors. | (Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**
**CENTENNIAL HEALTHCARE CORPORATION (CASE NO. 24-55504)**

The last four digits of LaVie Care Centers, LLC's federal tax identification number are 5592. There are 282 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/LaVie. The location of LaVie Care Centers, LLC's corporate headquarters and the Debtors' service address is 1040 Crown Pointe Parkway, Suite 600, Atlanta, GA 30338.

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| LAVIE CARE CENTERS, LLC, *et al.*[1] | Case No. 24-55507 (PMB) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**INTRODUCTION**

LaVie Care Centers, LLC ("LaVie") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), are filing their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" or "SOFA" and, collectively, the "Statements" or "SOFAs") with the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes and statement of limitations, methodology, and disclaimers regarding the Debtors' Schedules and Statements (collectively, the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to particular Schedules and Statements (the "Specific Notes" and, together with the Global Notes, the "Notes"). These Global Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' management team prepared the Schedules and Statements with the assistance of their advisors, consultants, and professionals and have relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors, consultants, and professionals. Given the scale of the Debtors' businesses, the Debtors' management, including

---

[1] The last four digits of LaVie Care Centers, LLC's federal tax identification number are 5592. There are 282 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.kccllc.net/LaVie. The location of LaVie Care Centers, LLC's corporate headquarters and the Debtors' service address is 1040 Crown Pointe Parkway, Suite 600, Atlanta, GA 30338.

the Debtors' Chief Restructuring Officer (who has executed the Schedules and Statements of each of the Debtors) has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, the receipt or discovery of subsequent information may result in material changes to the Schedules and Statements, and inadvertent errors, omissions, or inaccuracies may exist in the Schedules and Statements.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of the Debtor or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to the Chapter 11 Cases, including, but not limited to, liability for any claims, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by applicable law.

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1.    **Description of the Chapter 11 Cases**. On June 2, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On June 3, 2024, the Bankruptcy Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b). *See* Docket No. 20. On June 13, 2024, the Office of the United States Trustee for Region 21 (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102(a)(1) (the "Committee"). *See* Docket No. 112.

2

2. **<u>Basis of Presentation</u>**.  For financial reporting purposes, the Debtors historically have prepared consolidated financial statements, which include financial information for the Debtors and certain non-debtor affiliates.  The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on a stand-alone, unconsolidated basis.  These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("<u>GAAP</u>") in the United States, nor are they intended to be fully reconciled with the financial statements of each Debtor.

The Debtors used their best efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the applicable Debtor entity.  However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by individual legal entity, it is possible that not all assets, liabilities, or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the valuation of certain assets and the valuation and nature of certain liabilities, a Debtor may report more assets than liabilities.  Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time before or after the Petition Date.  Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or any time prior to or after the Petition Date.

The Schedules and Statements for LaVie Care Centers, LLC (Case No. 24-55507) include amounts related to five non-Debtor entities which were divested by the Debtors between 2016 and 2018.  These entities previously operated in the state of Michigan and the legal entities themselves were sold to a buyer, rather than mere transfer of operations.

The Schedules and Statements for Envoy of Norfolk, LLC (Case No. 24-55622) include amounts for both Thornton Hall and Thornton Hall ALF.  The Schedules and Statements for Locust Grove Facility Operations, LLC (Case No. 24-55602) include amounts for both Locust Grove SNF and Locust Grove ILF.  The Schedules and Statements for Penn Village Facility Operations, LLC (Case No. 55627) include amounts for both Penn Village SNF and Penn Village ILF  The Schedules and Statements for Pavilion at St. Luke Village Facility Operations, LLC (Case No. 24-55623) include amounts for both St. Luke Pavilion SNF and St. Luke Pavilion ILF.  The Schedules and Statements for Envoy of Somerset, LLC (Case No. 24-55633) include amounts for both Siemons SNF and Siemons ALF.  The Schedules and Statements for Harbor Pointe Facility Operations, LLC (Case No. 24-55772) include amounts for both Harbor Pointe ALF and Harbor Pointe ILF.   The Schedules and Statements for Reeders Facility Operations, LLC (Case No. 24-

3

55710) include amounts for both Reeders SNF and Reeders ILF.  The Schedules and Statements for 741 South Beneva Road Operations LLC (Case No. 24-55550) include amounts for both Beneva Lakes ALF and Beneva Lakes SNF.  The Schedules and Statements for Susquehanna Village Facility Operations, LLC (Case No. 24-55774) include amounts for both Susquehanna SNF and Susquehanna ILF.

3. **Reporting Date**.  The reported asset values in Schedules A and B, with the exception of estimated cash balances, reflect the Debtors' asset values as of May 31, 2024 (the "Reporting Date").  Estimated cash balances presented in Schedule A reflect bank balances as of the close of business on May 31, 2024.  Liability values presented in Schedules D, E, and F are as of the Petition Date, adjusted for authorized payments under the First Day Orders (as defined below).

4. **Current Values**.  Other than estimated bank cash balances, and unless otherwise noted, the assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records.

5. **Confidentiality**.  Schedule E/F includes certain unsecured employee claims against the Debtors including, without limitation, certain claims of former employees as well as certain unsecured claims of current and/or former residents.  Due to confidentiality concerns, and as authorized by certain orders entered by the Bankruptcy Court, the Debtors have removed the addresses of the employee claimants and the names and addresses of the resident claimants listed on Schedule E/F.

6. **Consolidated Entity Accounts Payable and Disbursement Systems**.  As described in the Cash Management Motion,[2] the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations.  The Debtors concentrate cash assets into a central account to more effectively manage their businesses and coordinate the payment of outstanding obligations.

In the ordinary course of business, the Debtors engage in intercompany transactions (the "Intercompany Transactions") with one another, which result in intercompany receivables and payables (the "Intercompany Claims").  While the majority of Intercompany Transactions are settled by book entry, certain transactions are settled by the actual transfer of cash.  The Debtors track all Intercompany Transactions in their accounting system, which may be traced and accounted for as needed.  Since the Petition Date, the Debtors continue to settle Intercompany Claims in accordance

---

[2]  The "Cash Management Motion" means the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Existing Cash Management System, (B) Maintain Existing Bank Accounts and Business Forms and Honor Certain Prepetition Obligations Related to the Use Thereof, (C) Maintain Purchasing Card Program and Honor Prepetition Obligations Related Thereto, and (D) Continue to Perform Intercompany Transactions; (II) Extending the Time for The Debtors to Comply with 11 U.S.C. § 345(B) Deposit and Investment Requirements; and (III) Granting Related Relief* [Docket No. 14].

4

with the procedures outlined in the Cash Management Motion.  Unless otherwise noted, the Debtors have not reported the aggregate net intercompany balances between Debtors as assets on Schedule A/B or as liabilities on Schedule E/F, respectively, due to the voluminous nature of the Debtor-to-Debtor intercompany transactions.  However, the Debtors have reported balances between Debtors and non-Debtor affiliates on these respective schedules.[3]

7.      **Accuracy**.  Although the Debtors have made good faith reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared.  The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.  The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary or appropriate.

8.      **Net Book Value of Assets**.  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  As such, wherever possible, unless otherwise indicated, net book values are presented as of the Reporting Date.  When necessary, the Debtors have indicated that the value of certain assets is "Undetermined."  Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.

9.      **Currency**.  All amounts shown in the Schedules and Statements are in U.S. Dollars.

10.     **Payment of Prepetition Claims Pursuant to First Day Orders**.  Following the Petition Date, the Bankruptcy Court entered various orders (the "First Day Orders") authorizing, but not directing, the Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the Debtors' banks; (ii) insurance obligations; (iii) refund program obligations; (iv) employee wages, salaries, and related items (including, employee benefit programs, staffing agency payments, and independent contractor obligations); and (v) taxes and assessments.  Where the Schedules and Statements list creditors and set forth the Debtors'

---

[3]  Any remaining intercompany balances associated with the six non-Debtor affiliates that filed for bankruptcy in 2021 and were jointly administered under *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del.) are not included herein because the confirmed chapter 11 plan provided for the dissolution of those entities following claim administration.  *See* Docket No. 718.

5

scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Petition Date.  To the extent any adjustments are necessary for payments made on account of such claims following the Petition Date pursuant to the First Day Orders, such adjustments have been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to the First Day Orders that may not be represented in the attached Schedules and Statements.

11. **Other Paid Claims**.  To the extent the Debtors reach any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval if necessary.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

12. **Setoffs**.  The Debtors routinely incur setoffs from payors and suppliers in the ordinary course of business.  Such ordinary course setoffs can arise from various items including, but not limited to, billing discrepancies, refund programs, returns, promotional funding, warranties, refunds, certain intercompany transactions, and other disputes between the Debtors and their payors and/or suppliers.  These routine setoffs are consistent with ordinary course practice in the Debtors' industry, and, therefore, can be particularly voluminous, unduly burdensome, and costly for the Debtors to regularly document.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and, as such, are excluded from the Schedules and Statements.

13. **Accounts Receivable**.   The accounts receivable information listed on the Schedules includes receivables from the Debtors' residents and third-party payors and is calculated net of implicit price concessions.

14. **Reservation of Rights**.  Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to the Chapter 11 Cases, including, but not limited to, the following:

   a.   Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on their Schedules as to amount, liability, and classification, and to otherwise

subsequently designate any claim as "disputed," "contingent," or "unliquidated."

b.    Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.    The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

d.    The listing of a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

e.    The listing of a claim on Schedule D as "secured" or on Schedule E/F as "priority unsecured," or the listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in the Final DIP Order[4] or any order by the Bankruptcy Court that is or becomes final, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

f.    In the ordinary course of their business, the Debtors lease property and equipment from certain third-party lessors for use in the daily operation of their business. Any such leases are set forth on Schedule G, and any current amounts due under such leases that were outstanding as of the Petition Date are listed on Schedule E/F. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing

---

[4]    The "Final DIP Order" refers to the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 189].

arrangement), and the Debtors reserve all rights with respect to any of such issues, including, the recharacterization thereof.

g.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

h.  The Debtors' businesses are part of a complex enterprise.  Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions.  The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

i.  The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and leases listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

j.  The Debtors exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in their secured financings, debt instruments, and other agreements.  However, a review of these agreements, specifically the Debtors' unexpired leases and executory contracts, is ongoing.  Where such Guarantees have been identified, they are included in the relevant Schedules and Statements.  Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements inadvertently may have been omitted.  The Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings and debt instruments on Schedule H.  Guarantees with respect to the Debtors' executory contracts and unexpired leases are not included on Schedule H and the Debtors believe that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financing, debt instruments, and similar agreements may exist and, to the extent they do, will be identified upon further review. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements to the extent that additional Guarantees are identified.  In addition, the Debtors reserve the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.

k.    Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract.  The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of Bankruptcy Code section 365, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of Bankruptcy Code section 365.

l.    Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

15.    **Totals**.  All totals that are included in the Schedules and Statements are for dollar amounts only and exclude items identified as "Undetermined."  If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.  Where a claim or other amount is marked as "unliquidated," but the Debtors also report a dollar value, such dollar value may indicate only the known or determined amount of such claim or amount, the balance of which is unliquidated.

<u>**SPECIFIC DISCLOSURES WITH RESPECT TO THE SCHEDULES**</u>

<u>**Schedules A/B**</u>

**Part 1**.  As set forth more fully in the Cash Management Motion, the Company uses an integrated cash management system to pay its financial obligations, centrally control and monitor available cash and record accurate financial data.  The Debtors' cash management system comprises more than 500 bank accounts (the "<u>Bank Accounts</u>"), which are largely concentrated in three main categories: (a) cash collection and concentration accounts relating to the Debtors' businesses; (b) operating accounts; and (c) accounts held on behalf of residents.  Further details with respect to the cash management system are provided in the Cash Management Motion.

Question 2 reflects petty cash held by the Debtors as of the Petition Date and does not include petty cash held by the Debtors on behalf of their residents.

Question 3 includes the CIBC bank account x3828, which contains cash held by the Debtors as required to maintain a letter of credit.  Question 3 does not include Resident Trust Accounts, as

9

defined in the Cash Management Motion; rather, the Resident Trust Accounts are presented on Part 11, Question 21.

Question 4 includes cash held by the Debtors in the form of the Purchasing Card Program and the Virtual Card Program, as defined in the Cash Management Motion.

**Part 2**.   The Debtors maintain certain deposits in the conduct of their business operations.  These deposits are included in the Schedules for the appropriate legal entity.  Types of deposits include, among other things, lease deposits, utility deposits, and a deposit related to the Debtors' Purchasing Card Program as described in the Cash Management Motion, along with "Other Deposits" as booked on the Debtors' financial statements.  Certain prepaid or amortized assets are listed in Part 2 in accordance with the Debtors' books and records.  The amounts listed in Part 2 do not necessarily reflect assets that the Debtors will be able to collect or realize.  These amounts listed in Part 2 include, among other things, prepaid insurance, prepaid wages, prepaid tax impounds, prepaid leases, prepaid licenses, prepaid taxes, and other prepaid items as booked on the Debtors' financial statements.

**Part 3**.   The Debtors' accounts receivable information includes receivables from the Debtors' residents or third-party payors, which are calculated inclusive of Medicare reserves (including amounts reserved for the Debtors' cost report settlement process, may be owed to such parties in the form of offsets or other adjustments pursuant to the Debtors' refund programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances.

Certain Debtors that do not currently operate facilities reflect total accounts receivable balances that are negative.  These negative account balances relate to amounts owed to Medicaid that do not have offsets in accounts receivable.  The Debtors did not include negative accounts receivable balances in response to Part 3.

The accounts receivable balances in this section exclude intercompany related receivables. Intercompany related receivables are instead shown in the response to Part 11, Question 77.

**Part 4**.   Other than intercompany ownership, the Debtors do not hold any investments.

**Part 7**.   Question 39 includes chairs, beds, tables, and mattresses.   "Misc. Office Furniture" contains items like file cabinets, drawers, and wardrobes.  Question 40 includes items too large to physically move, including AC units, refrigerators, water heaters, washing machines, and others. "Misc. Office Fixture" contains items like bulletin boards or display boards.  Question 41 includes anything related to technology equipment, including computers, printers, telephones, etc.

Although the Debtors reflect furniture, fixtures, and equipment in their books and records, any such items within the operating facilities are property of the Debtors' respective landlords.

**Part 8**.   Question 47 includes automobiles and associated accessories (*e.g.*, van doors).  Question 50 includes items that do not fall into the enumerated categories.

**Part 9**.   The Debtors have listed leases and leasehold improvements in response to Part 7.

**Part 10**.  All internet domain names used by the Debtors are owned by non-Debtor Pourlessoins, LLC (d/b/a Synergy Healthcare Services).

**Part 11**. All insurance policies marked with an asterisk were renewed as of May 31, 2024, and policy numbers for such policies are currently pending.  To the extent that the Debtors have potential contingent or unliquidated claims, those claims are scheduled on P11 Q74.  In general, other assets consist of, but are not limited to, taxes receivable, workers' compensation insurance receivables, GLPL insurance receivable, rebates, amounts due from sellers, and other miscellaneous assets.

**Part 12**.  Unless otherwise noted, the Debtors have not reported the aggregate net intercompany balances between Debtors as assets on Schedule A/B or as liabilities on Schedule E/F, respectively, due to the voluminous nature of the Debtor-to-Debtor intercompany transactions.  However, the Debtors have reported balances between Debtors and non-Debtor affiliates on these respective schedules.[5]

**Schedule D**.  Reference to the applicable loan agreements and related documents or other instrument creating the purported lien is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.

**Schedules E/F**.  The claims listed on Schedules E/F arose and were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, no such dates are included for each claim listed on Schedules E/F.  To the best of the Debtors' knowledge, all claims listed on Schedules E/F arose or were incurred before the Petition Date.

**Part 1**.  Claims owing to various taxing authorities to which the Debtors potentially may be liable, and which the Debtors have received notice of liability from such taxing authorities, are reported on Part 1.  Certain of such claims, however, may be subject to ongoing audits and/or the claims will be satisfied in the ordinary course during the Chapter 11 Cases pursuant to authority granted to the Debtors in the relevant First Day Orders.  Therefore, the Debtors have listed all such claims as "contingent," "unliquidated," and "disputed," pending final resolution of ongoing audits or other outstanding issues.  Inclusion or exclusion of a taxing authority on Part 1 does not mean that such taxing authority has a claim against the Debtors; rather, such taxing authorities are being scheduled out of an abundance of caution, given the numerous jurisdictions and number of Debtors involved in these Chapter 11 Cases.

**Part 2**.  The liabilities listed on Part 2 include all trade payables, litigation claims, unsecured notes, and governmental agency payables.  The trade payable amounts were calculated by taking the sum

---

[5]    Any remaining intercompany balances associated with the six non-Debtor affiliates that filed for bankruptcy in 2021 and were jointly administered under *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del.) are not included herein because the confirmed chapter 11 plan provided for the dissolution of those entities following claim administration.  *See* Docket No. 718.

11

of all invoices per Debtor and per vendor.  Litigation amounts were prorated amongst the relevant parties.  The Debtors have exercised their reasonable efforts to list all liabilities on Part 2 of each applicable Debtor's Schedule.  As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed for a complete understanding of the unsecured claims against the Debtors.

The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, the Debtors reserve their right to dispute or challenge any priority asserted with respect to any liabilities listed on Schedule E/F.  The Debtors have made reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, trade creditors, landlords, utility companies, consultants, and other service providers.  The Debtors, however, believe that there are instances where creditors have yet to provide proper invoices for prepetition goods or services.

Part 2 contains information regarding pending litigation involving the Debtors.  To the extent that litigation involving a particular Debtor has been identified, such information is included on that Debtor's Schedule E/F.  Unknown amounts for potential claims are listed as "Undetermined" and marked as contingent, unliquidated, and disputed in the Schedules.

Part 2 does not include certain balances including deferred liabilities, accruals, or reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs or recoupments with respect to same.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain unsecured claims pursuant to the First Day Orders.  To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under the First Day Orders.  Each Debtor's Schedule E/F will reflect some of such Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F.  Certain Debtors may pay additional claims listed on Schedule E/F during the Chapter 11 Cases pursuant to the First Day Orders and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims.  Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

**Schedule G**.  Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements"), the Debtors' review process of the Agreements is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred.  The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements,

amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements which may not be listed on Schedule G.

Executory contracts for short-term service orders that are oral in nature have not been included in Schedule G.

Any and all of the Debtors' rights, claims, and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G, and (iii) amend or supplement such Schedule as necessary.

Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement.

**Schedule H**. The Debtors are party to various debt agreements which were executed by multiple Debtors. The guaranty obligations under prepetition secured credit agreements are noted on Schedule H for each individual Debtor. In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. To the extent such claims are listed elsewhere in the Schedules of each applicable Debtor, they have not been set forth individually on Schedule H. Furthermore, the Debtors may not have identified on Schedule H certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors. Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedule E/F or Schedule G for the respective Debtors subject to such debt. To the extent these Notes include notes specific to Schedules D-G, such Notes also apply to the co-Debtors listed in Schedule H. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

13

## <u>SPECIFIC DISCLOSURES WITH RESPECT TO THE STATEMENTS</u>

**Statement 1**.  Gross revenue reflects revenue achieved by each Debtor over the relevant periods and is presented net of implicit price concessions.  Other sources of revenue include meal revenue, vending machine revenue, grant income, and revenue from other non-business sources, including ERC tax credits.  The ERC tax credits were received by LaVie and subsequently transferred to non-Debtor LV Investment, LLC to segregate those funds, then eventually transferred back to LaVie for general working capital purposes as needed.  The Debtors' fiscal year ends on December 31 of each year.  Year-to-date revenue is reported for the period ended May 31, 2024.

**Statement 3**.  As described in the Cash Management Motion, the Debtors utilize their integrated, centralized cash management system to collect, concentrate, and disburse funds generated by their operations.  The obligations of the Debtors are primarily paid by and through LaVie notwithstanding that certain obligations may be obligations of one or more of the Debtors as described in the Cash Management Motion.

The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from March 4, 2024 through June 2, 2024.  The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a significant manual review of individual bank statements.  It is expected, however, that many payments included in Statement 3 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments).

The response to Statement 3 excludes (i) payments made as part of regular and ordinary course individual expense reimbursements and payroll disbursements to employees and (ii) disbursements or transfers listed on Statements 4, 9, and 11.  Amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on Statement 11 and are excluded from Statement 3.

The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

**Statement 4**.  For purposes of the Schedules and Statements, the Debtors define "insiders" as (i) officers, directors, and anyone in control of a corporate Debtor and their relatives; and (ii) affiliates of the Debtors and insiders of such affiliates.[6]  Individuals listed in the Statements as insiders have been included for informational purposes only.  The payroll-related amounts shown

---

[6]   Out of an abundance of caution, the Debtors are listing Pourlessoins, LLC (d/b/a Synergy Healthcare Services), Zombleben, LLC (d/b/a Synergy Healthcare Solutions), NSPRMC, LLC (d/b/a Nspire Healthcare), NSPR Care Centers, LLC, and CPSTN Operations, LLC as "insiders" due to common indirect beneficial ownership with the Debtors.  The Debtors reserve all rights to dispute whether someone identified in response to Statement 4 is in fact an "insider" as defined in Bankruptcy Code section 101(31).

in response to this question for any salary, bonus, or additional compensation are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings. The Debtors also issue corporate-paid credit cards and reimburse direct business expenses incurred by insiders. Such business expenses also are included in Statement 4. Home addresses for directors, employees, and former employees identified as insiders have not been included in the Statements for privacy reasons. Amounts still owed to creditors will appear on the Schedules for each of the Debtors, as applicable.

Pursuant to the Debtors' cash management system, payments made to various parties may be made from a single Debtor on behalf of one or more Debtor entities. The Debtors have only listed each payment on the response to Statement 4 for the Debtor entity that disbursed the payment.

The payments disclosed in Statement 4 are based on payments made by the Debtors with payment dates from June 2, 2023 through June 2, 2024. The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a significant manual review of individual bank statements. It is expected, however, that many payments included in Statement 4 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments).

Unless otherwise noted, the Debtors have not reported the aggregate net intercompany balances between Debtors as assets on Schedule A/B or as liabilities on Schedule E/F, respectively, due to the voluminous nature of the Debtor-to-Debtor intercompany transactions. However, the Debtors have reported balances between Debtors and non-Debtor affiliates on these respective schedules. As noted above, the ERC tax credits were received by LaVie and subsequently transferred to non-Debtor LV Investment, LLC to segregate those funds. Such funds were transferred back to LaVie for general working capital purposes as needed.

**Statement 7**. Information provided on Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. While the Debtors believe they were diligent in their efforts, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to Statement 7. The Debtors reserve all of their rights to amend or supplement their response to Statement 7.

**Statement 11**. Although the services of any entity who provided a Debtor with consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date were provided for the benefit of all the Debtors, the payments for such services were made by LaVie, and are therefore listed on LaVie's response to Statement 11.

Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

**Statement 13**. Within two years of the Petition Date, certain Debtors transferred facility operations to new operators pursuant to various operating transfer agreements. Assets transferred pursuant to these agreements included (i) certain assumed contracts; (ii) certain employee, resident, and other records; (iii) all transferable licenses, permits, and other governmental approvals or authorizations; (iv) all patient care contracts and admission agreements with facility

15

residents; (v) resident trust funds and deposits; (vi) any know how or intellectual property rights used or held for use in facility operation and all goodwill associated with the transferred facility; (vii) inventory of supplies including personal protective equipment; (viii) phone, fax, other IT, and therapy equipment; and (ix) all transferable third-party warranties and claims for warranties relating to transferred assets.

**Statement 15**.  "Yes" is checked for the currently operating facilities and an estimate of resident as of the Petition Date is provided.  "No" is checked for the other debtor entities which are no longer operating.  Subject to the Debtors' privacy policy, in the ordinary course of business, the Debtors collect certain resident information and retain such information as long as is necessary for the Debtors to comply with business, tax, regulatory, and legal requirements.  Resident records are maintained at each facility and at various off-site storage facilities (listed in response to Statement 20).

**Statement 16**.  An abbreviated list of the types of information collected from each facility was provided for each of the currently operating facilities, while "No" was checked for all other entities.  Subject to the Debtors' privacy policy, in the ordinary course of business, the Debtors collect certain resident information and retain such information as long as is necessary for the Debtors to comply with business, tax, and legal requirements.  Resident records are maintained at each facility and at various off-site storage facilities (listed in response to Statement 20).

**Statement 20**.  In certain cases, several individuals have access to the off-premises storage facilities.  Where applicable, such individuals have been scheduled.

**Statement 21**.  The Debtors maintain and manage Resident Trust Accounts, Resident Trust Petty Cash Accounts, and the Resident Care Cost Accounts (all as defined in the Cash Management Motion) on behalf of their residents in the ordinary course of business and have received authorization to do so under the final cash management order [Docket No. 240].  To the extent that any of the funds described above are held in trust for the benefit of third parties, such funds do not constitute property of the Debtors' estates.  All account balances are as of May 31, 2024.

**Statement 26d**.  The Debtors have provided financial statements in the ordinary course of their businesses to various financial institutions, creditors, landlords, and other parties within two years immediately before the Petition Date, and have used reasonable efforts to list such recipients on Statement 26d.

**Statement 30**.  Any and all known disbursements to "insiders" have been listed in response to Statement 4.

**Statement 31**.  Certain Debtor limited liability companies (each, an "LLC") are disregarded for tax purposes, while other Debtor corporations (and one LLC) are treated as C-Corps for tax purposes.  Income generated by a LLC is consolidated at a higher reporting unit level.

**\*\*\*END OF GLOBAL NOTES\*\*\***

**\*\*SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE\*\***

16

**Fill in this information to identify the case:**

Debtor Name: In re : Centennial HealthCare Corporation

United States Bankruptcy Court for the: Northern District of Georgia

Case number (if known): 24-55504 (PMB)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**

      Copy line 88 from *Schedule A/B* ...................................................................................................

    $ 0.00

    1b. **Total personal property:**

      Copy line 91A from *Schedule A/B* ...............................................................................................

    $ 0.00

    1c. **Total of all property:**

      Copy line 92 from *Schedule A/B* .................................................................................................

    $ 0.00

## Part 2: Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* .....................................

    $ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

      Copy the total claims from Part 1 from line 5a of *Schedule E/F* ............................................................

    $ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

      Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .................................................

    + $ 2,500,000.00

4. **Total liabilities**

    Lines 2 + 3a + 3b ...........................................................................................................................

    $ 2,500,000.00

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor Name: In re : Centennial HealthCare Corporation

United States Bankruptcy Court for the: Northern District of Georgia

Case number (if known): 24-55504 (PMB)

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property     12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | **Current value of debtor's interest** |
|---|---|

2. **Cash on hand**

   $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |

4. **Other cash equivalents** *(Identify all)*

   $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   $ _____ 0.00

Debtor: Centennial HealthCare Corporation                                    Case number *(if known):* 24-55504

Name

| Part 2: | Deposits and prepayments |

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

|  | **Current value of debtor's interest** |
|---|---|

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

_____    $ _____

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

_____    $ _____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.                  $ _____ 0.00

Debtor: Centennial HealthCare Corporation                    Case number *(if known)*:  24-55504
_____
Name

| **Part 3:** | **Accounts receivable** |

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

|  | Description | face amount | doubtful or uncollectible accounts | | Current value |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | _____ | $ _____ | - $ _____ | =..... ➔ | $ _____ |
| 11b. Over 90 days old: | _____ | $ _____ | - $ _____ | =..... ➔ | $ _____ |

**12. Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ _____ 0.00

Debtor: Centennial HealthCare Corporation    Case number *(if known):* 24-55504

Name

## Part 4:    Investments

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| 14.1 None | $ | |
|---|---|---|

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                % of ownership:

| 15.1 See Schedule A/B 15 Attachment | | $ | Undetermined |
|---|---|---|---|

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1 None | $ | |
|---|---|---|

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

| $ | 0.00 |
|---|---|

Debtor: Centennial HealthCare Corporation

Name

Case number *(if known):*  24-55504

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | $ | | $ |
| 20. **Work in progress** | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | $ | | $ |
| 22. **Other inventory or supplies** | | $ | | $ |

23. **Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Description_____ Book value $ _____ Valuation method _____ Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

Official Form 206 A/B    **Schedule A/B: Assets - Real and Personal Property**    Page 5 of 12

Debtor: Centennial HealthCare Corporation   Case number *(if known):*   24-55504

Name

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | $ | | $ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| **31. Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| **32. Other farming and fishing-related property not already listed in Part 6** | $ | | $ |

**33. Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

$ _____ 0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

  ☐ No

  ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.  Description_____  Book value $ _____  Valuation method_____  Current value $ _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor:  Centennial HealthCare Corporation _____  Case number *(if known):*  ___24-55504___
Name

## Part 7:  Office furniture, fixtures, and equipment; and collectibles

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑  No. Go to Part 8.

☐  Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture** | $ | | $ |
| 40.  **Office fixtures** | $ | | $ |
| 41.  **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42.  **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43.  **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐  No

☐  Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐  No

☐  Yes

Debtor: Centennial HealthCare Corporation _____ Case number *(if known):* _24-55504_

Name

---

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | (Where available) | | |

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

_____ $ _____ _____ $ _____

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

_____ $ _____ _____ $ _____

49. **Aircraft and accessories**

_____ $ _____ _____ $ _____

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

_____ $ _____ _____ $ _____

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Centennial HealthCare Corporation _____ Case number *(if known):* 24-55504
Name

---

| Part 9: | Real property |

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Official Form 206 A/B          **Schedule A/B: Assets - Real and Personal Property**          Page 9 of 12

Debtor: Centennial HealthCare Corporation _____   Case number *(if known)*: _____24-55504_____
      Name

## Part 10:   Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**
    ☒ No. Go to Part 11.
    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**
    Add lines 60 through 65. Copy the total to line 89.

    $ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
    ☐ No
    ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
    ☐ No
    ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

Debtor:  Centennial HealthCare Corporation                                                    Case number *(if known):*    24-55504

Name

## Part 11:    All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐   No. Go to Part 12.

☑   Yes. Fill in the information below.

**Current value of debtor's interest**

71. **Notes receivable**

Description (include name of obligor)          Total face amount          doubtful or uncollectible accounts

71.1  None                                           $ _____          - $ _____          =..... ➔ $ _____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1  None                                           Tax year _____          $ _____

73. **Interests in insurance policies or annuities**

73.1  See Schedule A/B 73 Attachment                                                     $          Undetermined

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1  None                                                                             $ _____

   **Nature of claim**          _____

   **Amount requested**          $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1  None                                                                             $ _____

   **Nature of claim**          _____

   **Amount requested**          $ _____

76. **Trusts, equitable or future interests in property**

76.1  None                                                                             $ _____

77. **Other property of any kind not already listed**  *Examples*: Season tickets, country club membership

77.1  None                                                                             $ _____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.          $          0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑   No

☐   Yes

Debtor:  Centennial HealthCare Corporation                                 Case number *(if known):*   24-55504

Name

---

**Part 12:   Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2*. | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..........................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column..............91a. | $ 0.00 | + 91b. $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. .......... | | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : Centennial HealthCare Corporation

United States Bankruptcy Court for the: Northern District of Georgia

Case number (if known): 24-55504 (PMB)

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

**Part 1:     List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

**2.1 Creditor's name**

**Describe debtor's property that is subject to a lien**

| | Column A | Column B |
|---|---|---|
| See Schedule D Part 1 Attachment | $ Undetermined | $ Undetermined |

Creditor's Name

**Creditor's mailing address**

**Describe the lien**

Notice Name

Street

**Is the creditor an insider or related party?**
- ☐ No
- ☐ Yes

City          State          ZIP Code

Country

**Is anyone else liable on this claim?**
- ☐ No
- ☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H).

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Do multiple creditors have an interest in the same property?**

- ☐ No
- ☐ Yes. Have you already specified the relative priority?

   - ☐ No. Specify each creditor, including this creditor, and its relative priority.

   - ☐ Yes. The relative priority of creditors is specified on lines

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$         0.00

**Part 2:**   **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |

_____
Name

_____
Notice Name

_____
Street

_____

_____

_____   _____   _____
City                               State                          ZIP Code

_____
Country

**Fill in this information to identify the case:**

Debtor Name: In re : Centennial HealthCare Corporation

United States Bankruptcy Court for the: Northern District of Georgia

Case number (if known): 24-55504 (PMB)

☐ Check if this is an
amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

    ☐  No. Go to Part 2.

    ☑  Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|
| | As of the petition filing date, the claim is: | $ Undetermined | $ Undetermined |

2.1 **Priority creditor's name and mailing address**

See Schedule E/F, Part 1 Attachment
Creditor Name

Creditor's Notice name

Address

City          State          ZIP Code

Country

**As of the petition filing date, the claim is:** $ Undetermined
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

**Is the claim subject to offset?**

☐  No

☐  Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Amount of claim |
|---|---|

3.1 **Nonpriority creditor's name and mailing address**

See Schedule E/F, Part 2 Attachment
Creditor Name

Creditor's Notice name

Address

| City | State | ZIP Code |
|---|---|---|

Country

**Date or dates debt was incurred**

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:**    $                    2,500,000.00
*Check all that apply.*

☐    Contingent

☐    Unliquidated

☐    Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐    No

☐    Yes

**Part 3:**     **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| _____<br>Name | Line<br>☐   Not Listed.Explain<br>_____ | _____ |
| _____<br>Notice Name | | |
| _____<br>Street | | |
| _____ | | |
| _____ | | |
| _____  _____  _____<br>City            State            ZIP Code | | |
| _____<br>Country | | |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** | $ 2,500,000.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 2,500,000.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : Centennial HealthCare Corporation

United States Bankruptcy Court for the: Northern District of Georgia

Case number (if known): 24-55504 (PMB)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases     12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**

   | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
   |---|---|

   **State what the contract or lease is for and the nature of the debtor's interest**

   Name

   Notice Name

   **State the term remaining**

   Address

   **List the contract number of any government contract**

   City       State       ZIP Code

   Country

Official Form 206G          **Schedule G: Executory Contracts and Unexpired Leases**          Page 1 of 1

**Fill in this information to identify the case:**

Debtor Name: In re : Centennial HealthCare Corporation

United States Bankruptcy Court for the: Northern District of Georgia

Case number (if known): 24-55504 (PMB)

☐ Check if this is an amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1  See Schedule H Attachment | | | ☐ D |
| | Street | | ☐ E/F |
| | | | ☐ G |
| | City          State          ZIP Code | | |
| | Country | | |

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor Name: In re : Centennial HealthCare Corporation</td></tr>
<tr><td>United States Bankruptcy Court for the: Northern District of Georgia</td></tr>
<tr><td>Case number (if known): 24-55504 (PMB)</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/16/2024
           MM / DD / YYYY

✖ / s / M. Benjamin Jones
Signature of individual signing on behalf of debtor

M. Benjamin Jones
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**In re: Centennial HealthCare Corporation**

**Case No. 24-55504**

Schedule A/B 15

Non-publicly traded stock and interests

| Name of entity | % of ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| Centennial Acquisition Corporation | 100% | | Undetermined |
| Centennial HealthCare Management Corporation | 100% | | Undetermined |
| Centennial HealthCare Properties Corporation | 100% | | Undetermined |
| Transitional Health Services, Inc. | 100% | | Undetermined |
| | | **TOTAL:** | **Undetermined** |

Page 1 of 1

**In re: LaVie Care Centers, LLC, et al.**
**All Debtors**
Schedule A/B 73
Interests in insurance policies or annuities

| Company | Account number / Policy number | Current value of debtor's interest |
|---|---|---|
| Arch Insurance Company | ABL1000171-00 | Undetermined |
| Arch Specialty Insurance Company | E71209232CSP* | Undetermined |
| Ascot Insurance Company | MLXS241000088703 | Undetermined |
| Axis Surplus Insurance Company | PG2305094* | Undetermined |
| Beazley Excess & Surplus Insurance | 006589300* | Undetermined |
| Beazley Insurance Company, Inc. | ELU18947623* | Undetermined |
| Certain Underwriters at Lloyd's | 2022900415602* | Undetermined |
| Certain Underwriters at Lloyd's | PG2305095* | Undetermined |
| Certain Underwriters at Lloyd's | 100039666304* | Undetermined |
| Certain Underwriters at Lloyd's | XAR323059Q00* | Undetermined |
| Covington Specialty Insurance Company | VEL10001200 | Undetermined |
| Crum & Forster Specialty Insurance Company | PG2305070* | Undetermined |
| Endurance American Specialty Insurance Co | PG2305141* | Undetermined |
| Everest Indemnity Insurance Company | PG2305077* | Undetermined |
| Greenwich Insurance Company | RAD943801204 | Undetermined |
| Hartford Fire Insurance Co. | 8706122548 | Undetermined |
| Hartford Fire Insurance Co. | 8706122544 | Undetermined |
| Hartford Fire Insurance Co. | 6500397772 | Undetermined |
| Hartford Fire Insurance Co. | 8706155316 | Undetermined |
| Hartford Fire Insurance Co. | 8706155328 | Undetermined |
| HDI Global Specialty SE | EAF66108023* | Undetermined |
| Hudson Insurance Company | SXS3121040403 | Undetermined |
| Imperial Fire and Casualty Insurance Company | 2930039 | Undetermined |
| Indian Harbor Insurance Company | US00083743SP23A* | Undetermined |
| Ironshore Specialty Insurance Company | PG2305096* | Undetermined |
| Ironshore Specialty Insurance Company | IRONTX009053303 | Undetermined |
| Lexington Insurance Company | ESP30000648605* | Undetermined |
| Lloyds of London | W28A39230501 | Undetermined |
| Lloyds of London | B0507CU2400076 | Undetermined |
| Lloyds of London | B0507CU2400077 | Undetermined |
| Midwest Insurance Group Inc., a RRG | PLGLFL240002079 | Undetermined |
| Mt Hawley Insurance Company | PG2305015* | Undetermined |
| MunichRe | PG2305071* | Undetermined |
| National Union Fire Ins Co of Pittsburgh PA | 27779740 | Undetermined |
| Navigators Specialty Insurance Company | JEM23XS1329* | Undetermined |
| Obsidian Specialty Insurance Company | PG2305058* | Undetermined |
| PartnerRe Insurance Solutions Bermuda Ltd | PG2305072* | Undetermined |
| RSUI Indemnity Company | NPP709141 | Undetermined |
| Starstone Specialty Insurance Company | CA3P006689231* | Undetermined |
| Travelers Property Casualty Co. of America | BME18P634732TIL24 | Undetermined |
| Twin City Fire Insurance Co. | 21PE042118524 | Undetermined |
| Twin City Fire Insurance Co. | 21PE042541324 | Undetermined |
| Westchester Surplus Lines Insurance Co | D37376474014* | Undetermined |
| XL Specialty Insurance | RWD300140706 | Undetermined |
| | TOTAL: | **Undetermined** |

All insurance policies marked with an asterisk were renewed as of May 31, 2024, and
policy numbers for such policies are currently pending (see Global Notes).

Page 1 of 1

**In re: Centennial HealthCare Corporation**
**Case No. 24-55504**
Schedule D, Part 1
Creditors Who Have Claims Secured by Property

| Line | Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | City | State | Zip | Date incurred | Multiple creditors (Y/N) | Describe debtor's property that is subject to a lien | Describe the lien | Insider/related party (Y/N) | Codebtor (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim Do not deduct the value of collateral. | Value of collateral that supports this claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Westfield Bank, FSB | | P.O. Box 692 | | Westfield Center | OH | 44251-0692 | 5/31/2024 | N | First priority lien on and security interest in any insurance proceeds under premium financing | Premium Financing Agreement | N | N | | | | Undetermined | Undetermined |
| | | | | | | | | | | | | | | | TOTAL: | | **Undetermined** | **Undetermined** |

**In re: Centennial HealthCare Corporation**
**Case No. 24-55504**
Schedule E/F, Part 1
Creditors Who Have PRIORITY Unsecured Claims

| Line | Priority Creditor's Name | Address 1 | City | State | Zip | Date incurred | Account number (last 4 digits) | Specify Code subsection: 11 § U.S.C. 507(a)(__) | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Total claim | Priority amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | City of Norfolk | PO Box 749456 | Atlanta | GA | 30374 | | | 8 | Taxes | N | x | x | x | Undetermined | Undetermined |
| 2.2 | Internal Revenue Service | 111 Constitution Avenue NW | Washington | DC | 20224 | | | 8 | Taxes | N | x | x | x | Undetermined | Undetermined |
| | | | | | | | | | | | | | TOTAL: | **Undetermined** | **Undetermined** |

**In re: Centennial HealthCare Corporation**
**Case No. 24-55504**
Schedule E/F, Part 2
Creditors Who Have NONPRIORITY Unsecured Claims

| Line | Nonpriority Creditor's Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Date incurred | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.1 | Adan Trujillo as PR of the Estate of Regina Romero | Address on File | | | | | | | Various | Litigation | N | x | x | x | Undetermined |
| 3.2 | Anna Runyon as Executrix of the Estate of Jimmy Runyon | Address on File | | | | | | | Various | Litigation | N | x | x | x | Undetermined |
| 3.3 | Department of Justice | 950 Pennsylvania Avenue, NW | | | WASHINGTON | DC | 20530-0001 | | Various | Governmental Agency | N | | | | $2,500,000.00 |
| 3.4 | Estate of Gladys Tackett, by Greg Tackett, PR | Address on File | | | | | | | Various | Litigation | N | x | x | x | Undetermined |
| 3.5 | Estate of Irene Moore Thacker by & through Alton Ross Moore, Administrator | Address on File | | | | | | | Various | Litigation | N | x | x | x | Undetermined |
| 3.6 | Estate of Maggie Lacey Ratliff by & through its Administrator, Richard Ratliff | Address on File | | | | | | | Various | Litigation | N | x | x | x | Undetermined |
| 3.7 | Everett Hampton | Address on File | | | | | | | Various | Litigation | N | x | x | x | Undetermined |
| 3.8 | Glenda Webb as Guardian of Clarence Ray | Address on File | | | | | | | Various | Litigation | N | x | x | x | Undetermined |
| 3.9 | Phyllis Johnson as Executrix of the Estate of Carolyn Salyers | Address on File | | | | | | | Various | Litigation | N | x | x | x | Undetermined |
| 3.10 | Randy Smallwood and Brenda Smallwood as Co-Admins of Estate of Nolan Smallwood | Address on File | | | | | | | Various | Litigation | N | x | x | x | Undetermined |
| 3.11 | Wanda Ann Anderson as Executrix of the Estate of Eula Mae Stiltner Layne | Address on File | | | | | | | Various | Litigation | N | x | x | x | Undetermined |
| | | | | | | | | | | | | | | TOTAL: | $2,500,000.00 |

**In re: Centennial HealthCare Corporation**
**Case No. 24-55504**
Schedule H
Codebtors

| Name of codebtor | Address 1 | Address 2 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|---|
| 10040 Hillview Road Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1010 Carpenters Way Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1026 Albee Farm Road Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1061 Virginia Street Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1111 Drury Lane Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1120 West Donegan Avenue Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 11565 Harts Road Operations LLC | 11565 Harts Rd | | Jacksonville | FL | 32218-3777 | Department of Justice | | X | |
| 12170 Cortez Boulevard Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 125 Alma Boulevard Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1445 Howell Avenue Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1465 Oakfield Drive Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1507 South Tuttle Avenue Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 15204 West Colonial Drive Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1550 Jess Parrish Court Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1615 Miami Road Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1820 Shore Drive Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1851 Elkcam Boulevard Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 1937 Jenks Avenue Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 195 Mattie M. Kelly Boulevard Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 216 Santa Barbara Boulevard Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 2333 North Brentwood Circle Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 2401 NE 2nd Street Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 2826 Cleveland Avenue Operations LLC | 2826 Cleveland Ave | | Fort Myers | FL | 33901 | Department of Justice | | X | |
| 2916 Habana Way Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 2939 South Haverhill Road Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 3001 Palm Coast Parkway Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 3101 Ginger Drive Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 3110 Oakbridge Boulevard Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 3735 Evans Avenue Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 3825 Countryside Boulevard Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 3920 Rosewood Way Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 4200 Washington Street Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 4641 Old Canoe Creek Road Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 500 South Hospital Drive Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 5065 Wallis Road Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 518 West Fletcher Avenue Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 5405 Babcock Street Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 611 South 13th Street Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 626 North Tyndall Parkway Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 6305 Cortez Road West Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 6414 13th Road South Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 650 Reed Canal Road Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 6700 NW 10th Place Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 702 South Kings Avenue Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 710 North Sun Drive Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 741 South Beneva Road Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 777 Ninth Street North Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 7950 Lake Underhill Road Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |

**In re: Centennial HealthCare Corporation**
**Case No. 24-55504**
Schedule H
Codebtors

| Name of codebtor | Address 1 | Address 2 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|---|
| 9035 Bryan Dairy Road Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 9311 South Orange Blossom Trail Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| 9355 San Jose Boulevard Operations LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Alpha Health Care Properties, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Ambassador Ancillary Services, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Ambassador Rehabilitative Services, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Ashland Facility Operations, LLC | 906 Thompson St | | Ashland | VA | 23005-1128 | Department of Justice | | X | |
| Ashton Court HealthCare, LLC | 1200 West College St | | Liberty | MO | 64068 | Department of Justice | | X | |
| Assisted Living at Frostburg Village Facility Operations, | 800 Concourse Parkway S | | Maitland | FL | 32751 | Department of Justice | | X | |
| Augusta Facility Operations, LLC | 83 Cross Road Ln | | Fishersville | VA | 22939-2331 | Department of Justice | | X | |
| Augusta Health Care Properties, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Baya Nursing and Rehabilitation, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Bayonet Point Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Bossier HealthCare, LLC | 2575 Airline Drive | | Bossier City | LA | 71111-5812 | Department of Justice | | X | |
| Brandon Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Brentwood Meadow Health Care Associates, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Brownsboro Hills HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Capital Health Care Associates, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Cardinal North Carolina HealthCare, LLC | 931 N Aspen Street | | Lincolnton | NC | 28092-2113 | Department of Justice | | X | |
| Cary HealthCare, LLC | 6590 Tryon Road | | Cary | NC | 27518-7052 | Department of Justice | | X | |
| Catalina Gardens Health Care Associates, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Catalina Health Care Associates, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Centennial Acquisition Corporation | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial Employee Management, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial Five Star Master Tenant, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial HealthCare Holding Company, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial HealthCare Investment Corporation | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial HealthCare Management Corporation | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial HealthCare Properties Corporation | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial HealthCare Properties, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial Management Investment, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial Master Subtenant, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial Master Tenant, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial Newco Holding Company, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial Professional Therapy Services Corporation | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial SEHC Master Tenant, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Centennial Service Corporation - Grant Park | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Charlwell HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Chenal HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Cheswick Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| CHIC Holding Company, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| CHMC Holding Company, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| CHPC Holding Company, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Clay County HealthCare, LLC | 86 Valley Hideaway Drive | | Hayesville | NC | 28904-9674 | Department of Justice | | X | |
| Clearwater HealthCare, LLC | 115 Perimeter Center Pl NE | Ste 600 | Atlanta | GA | 30346 | Department of Justice | | X | |
| Coastal Administrative Services, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Coastal Management Investment, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Consulate EV Acquisition, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |

**In re: Centennial HealthCare Corporation**
**Case No. 24-55504**
Schedule H
Codebtors

| Name of codebtor | Address 1 | Address 2 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|---|
| Consulate EV Master Tenant, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Consulate EV Operations I, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Consulate Facility Leasing, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Consulate Management Company III, LLC | 1810 Concord Lake Rd | | Kannapolis | NC | 28083-6434 | Department of Justice | | X | |
| Consulate MZHBS Leaseholdings, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Consulate NHCG Leaseholdings, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Country Meadow Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Crestline Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Donegan Square Health Care Associates, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Down East HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Edinborough Square Health Care Associates, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Emerald Ridge HealthCare, LLC | 25 Reynolds Mountain Boulevard | | Asheville | NC | 28804-1270 | Department of Justice | | X | |
| Envoy Health Care, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Envoy Management Company, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Envoy of Alexandria, LLC | 900 Virginia Ave | | Alexandria | VA | 22302-3200 | Department of Justice | | X | |
| Envoy of Denton, LLC | 420 Colonial Drive | | Denton | MD | 21629 | Department of Justice | | X | |
| Envoy of Forest Hills, LLC | 7246 Forest Hill Ave | | Richmond | VA | 23225-1524 | Department of Justice | | X | |
| Envoy of Fork Union, LLC | 4238 James Madison Hwy | | Fork Union | VA | 23055 | Department of Justice | | X | |
| Envoy of Goochland, LLC | 2715 Dogtown Rd | | Goochland | VA | 23063-2424 | Department of Justice | | X | |
| Envoy of Lawrenceville, LLC | 1722 Lawrenceville Plank Rd | | Lawrenceville | VA | 23868-3351 | Department of Justice | | X | |
| Envoy of Norfolk, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Envoy of Pikesville, LLC | 7 Sudbrook Lane | | Pikesville | MD | 21208 | Department of Justice | | X | |
| Envoy of Richmond, LLC | 4403 Forest Hill Ave | | Richmond | VA | 23225-3241 | Department of Justice | | X | |
| Envoy of Somerset, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Envoy of Staunton, LLC | 512 Houston St | | Staunton | VA | 24401-3525 | Department of Justice | | X | |
| Envoy of Williamsburg, LLC | 1235 S Mount Vernon Ave | | Williamsburg | VA | 23185-2835 | Department of Justice | | X | |
| Envoy of Winchester, LLC | 110 Lauck Dr | | Winchester | VA | 22603-4282 | Department of Justice | | X | |
| Envoy of Woodbridge, LLC | 14906 Richmond Hwy | | Woodbridge | VA | 22191-4016 | Department of Justice | | X | |
| Epsilon Health Care Properties, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Ferriday HealthCare, LLC | 110 Serio Boulevard | | Ferriday | LA | 71334-2013 | Department of Justice | | X | |
| Florida Health Care Properties, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Floridian Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Forrest Oakes HealthCare, LLC | 620 Heathwood Dr | | Albemarle | NC | 28001-8604 | Department of Justice | | X | |
| Franklinton HealthCare, LLC | 2000 Main St | | Franklinton | LA | 70438 | Department of Justice | | X | |
| Frostburg Facility Operations, LLC | 800 Concourse Parkway S | | Maitland | FL | 32751 | Department of Justice | | X | |
| Garden Court HealthCare, LLC | 4405 Airline Dr | | Bossier City | LA | 71111 | Department of Justice | | X | |
| Gateway HealthCare, LLC | 2030 Harper Ave NW | | Lenoir | NC | 28645-4953 | Department of Justice | | X | |
| Genoa Healthcare Consulting, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Genoa Healthcare Group, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Glenburney HealthCare, LLC | 555 John R. Junkin Dr | | Natchez | MS | 39120-4709 | Department of Justice | | X | |
| Grant Park Nursing Home Limited Partnership | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Grayson Facility Operations, LLC | 400 S. Independence Ave | | Independence | VA | 24348-3972 | Department of Justice | | X | |
| Green Cove Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Greenfield Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Harbor Pointe Facility Operations, LLC | 800 Concourse Parkway S | | Maitland | FL | 32751 | Department of Justice | | X | |
| Hilltop Mississippi HealthCare, LLC | 101 Kirkland St | | Union | MS | 39365-3205 | Department of Justice | | X | |
| Hilltopper Holding Corp. | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Hollywell HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |

In re: Centennial HealthCare Corporation
Case No. 24-55504
Schedule H
Codebtors

| Name of codebtor | Address 1 | Address 2 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|---|
| Hunter Woods HealthCare, LLC | 620 Tom Hunter Rd | | Charlotte | NC | 28213-5511 | Department of Justice | | X | |
| Hurstbourne HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Jacksonville Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Jennings HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Josera, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Kannapolis HealthCare, LLC | 1810 Concord Lake Rd | | Kannapolis | NC | 28083-6434 | Department of Justice | | X | |
| KD HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Kenton Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Kenwood View HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Kimwell HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Kings Daughters Facility Operations, LLC | 1410 N Augusta St | | Staunton | VA | 24401-2401 | Department of Justice | | X | |
| Kissimmee Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Lake Parker Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Lakeland Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| LaVie Care Centers, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Legends Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Libby HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Lidenskab, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Lincoln Center HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Locust Grove Facility Operations, LLC | 69 Cottage Rd | | Mifflin | PA | 17058-7030 | Department of Justice | | X | |
| LTC Insurance Associates, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Lucasville I Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Lucasville II Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Luther Ridge Facility Operations, LLC | 160 Red Horse Rd | | Pottsville | PA | 17901-4209 | Department of Justice | | X | |
| LV CHC Holdings I, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| LVE Holdco, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| LVE Master Tenant 1, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| LVE Master Tenant 2, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| LVE Master Tenant 3, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| LVE Master Tenant 4, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| LVFH Master Tenant, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| MA Healthcare Holding Company, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Manor at St. Luke Village Facility Operations, LLC | 1711 E Broad St | | Hazleton | PA | 18201-5691 | Department of Justice | | X | |
| McComb HealthCare, LLC | 501 S Locust St | | McComb | MS | 39648-4336 | Department of Justice | | X | |
| Melbourne Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Miami Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Milton HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Montclair HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Mount Royal Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| NENC HealthCare Holding Company, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| New Harmonie HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| New Port Richey Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Newport News Facility Operations, LLC | 12997 Nettles Dr | | Newport News | VA | 23602-6913 | Department of Justice | | X | |
| Norfolk Facility Operations, LLC | 3900 Llewellyn Ave | | Norfolk | VA | 23504-1203 | Department of Justice | | X | |
| North Carolina Master Tenant, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| North Fort Myers Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| North Strabane Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Oak Grove HealthCare, LLC | 518 Old US 221 Hwy | | Rutherfordton | NC | 28139-8670 | Department of Justice | | X | |

**In re: Centennial HealthCare Corporation**
**Case No. 24-55504**
Schedule H
Codebtors

| Name of codebtor | Address 1 | Address 2 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|---|
| Oaks at Sweeten Creek HealthCare, LLC | 3864 Sweeten Creek Rd | | Arden | NC | 28704-3136 | Department of Justice | | X | |
| Omro HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Orange Park Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Osprey Nursing and Rehabilitation, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Paloma Blanca Health Care Associates, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Parkview Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Parkview HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Parkview Manor HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Parkwell HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Pavilion at St. Luke Village Facility Operations, LLC | 1000 Stacie Dr | | Hazleton | PA | 18201-5690 | Department of Justice | | X | |
| Penn Village Facility Operations, LLC | 51 Route 204 | | Selinsgrove | PA | 17870-8066 | Department of Justice | | X | |
| Pennknoll Village Facility Operations, LLC | 208 Pennknoll Rd | | Everett | PA | 15537-6940 | Department of Justice | | X | |
| Pensacola Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Perry Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Perry Village Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Pheasant Ridge Facility Operations, LLC | 4355 Pheasant Ridge Rd | | Roanoke | VA | 24014-5272 | Department of Justice | | X | |
| Piketon Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Pine River HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Pinelake HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Pinewood HealthCare, LLC | 115 Perimeter Center Pl NE | Ste 600 | Atlanta | GA | 30346 | Department of Justice | | X | |
| Port Charlotte Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| QCPMT, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| RAC Insurance Investors, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Reeders Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Retirement Village of North Strabane Facility Operations | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Ridgewood Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Riley HealthCare, LLC | 3716 Highway 39 N | | Meridian | MS | 39301-1013 | Department of Justice | | X | |
| Riverbend HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Riverview of Ann Arbor HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Royal Terrace HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Safety Harbor Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Salus Management Investment, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Sarasota Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Sea Crest Management Investment, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Sheridan Indiana HealthCare, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Shoreline Healthcare Management, LLC | 1040 Crown Pointe Pkwy | Ste 600 | Atlanta | GA | 30338 | Department of Justice | | X | |
| Skyline Facility Operations, LLC | 237 Franklin Pike SE | | Floyd | VA | 24091-2893 | Department of Justice | | X | |
| St. Petersburg Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Starkville Manor HealthCare, LLC | 1001 Hospital Rd | | Starkville | MS | 39759-2125 | Department of Justice | | X | |
| Stratford Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |
| Summit Facility Operations, LLC | 850 Concourse Parkway S | Suite 250 | Maitland | FL | 32751 | Department of Justice | | X | |